# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

```
BILL GARRELTS and JUDY GARRELTS,   )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )    No. 07 C 5512
                                   )
SYMONS CORPORATION, DAYTON         )
SUPERIOR CORPORATION d/b/a         )
SYMONS CORPORATION, IRVIN DELAPAZ, )
and WAUKESHA EMPLOYMENT            )
SERVICES, INC.,                    )
                                   )
          Defendants.              )
```

## MEMORANDUM OPINION

Before the court is the motion of defendant Waukesha Employment Services, Inc. for summary judgment. For the reasons explained below, the motion is denied.

## BACKGROUND

This is a personal injury action that was removed to this court from Illinois state court on the ground of diversity. On March 6, 2007, plaintiff Bill Garrelts, a citizen of Illinois, was working as a semi-truck driver and delivered a load of beams to defendant Symons Corporation's ("Symons") place of business in Pewaukee, Wisconsin. Defendant Irvin Delapaz, who was working at Symons, began unloading the beams from plaintiff's truck with a forklift. At some point during this process, as plaintiff stood by the trailer and in front of the forklift, Delapaz lowered the forks

of the forklift, and the beams became unsteady. The beams fell and struck plaintiff's leg, resulting in permanent injury.

Plaintiff has sued, in addition to Symons and Delapaz, Dayton Superior Corporation (Symons's parent corporation) and Waukesha Employment Services, Inc. ("Waukesha"), a business that placed Delapaz as a temporary employee at Symons.[1] Garrelts asserts negligence claims against each defendant and seeks damages for his injury and disability as well as past and future medical expenses, lost wages, and pain and suffering. His wife, Judy, asserts claims against each defendant for loss of consortium and seeks damages.

Waukesha moves for summary judgment on plaintiffs' claims against it, Counts VII and VIII of the Fifth Amended Complaint.

## DISCUSSION

### A. Summary Judgment Standards

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. See Pitasi v. Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999). "Summary

---

[1] Waukesha operates its business under the name "Manpower" and is a franchise of Manpower, Inc.

judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Talanda v. KFC Nat'l Mgmt. Co., 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." McGrath v. Gillis, 44 F.3d 567, 569 (7th Cir. 1995). Once the moving party has supported its motion for summary judgment, the "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in [Rule 56]--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

Plaintiffs allege that Waukesha is both directly and vicariously liable for Mr. Garrelts's injury--directly, because Waukesha negligently trained Delapaz, and vicariously, because Delapaz was Waukesha's employee. Waukesha argues that it cannot be held liable for the injury under either theory. First, we will deal with vicarious liability.

**B.  Vicarious Liability**

Under the doctrine of respondeat superior, employers are vicariously liable for the negligence of an employee "if the relationship of principal and agent existed at the time of and in

respect to the particular transaction out of which the injury arose." Mosley v. Northwestern Steel & Wire Co., 394 N.E.2d 1230, 1236 (Ill. App. Ct. 1979). But "if the employee was not acting as the employer's agent at the time of the injury, the employer cannot be held liable for the employee's acts." Id.

Waukesha contends that pursuant to the "borrowed servant" doctrine, Delapaz became the employee of Symons, and thus Symons, not Waukesha, is responsible for Delapaz's alleged negligence. Under Illinois law, an employee in the general employment of one employer may be "loaned" to another and become that employer's employee. "In such a case, the second employer, not the first, would be liable for the employee's negligence." Richard v. Illinois Bell Tel. Co., 383 N.E.2d 1242, 1249 (Ill. App. Ct. 1978). An employee is considered to be a borrowed (or loaned) servant only if he becomes "wholly subject to the control and direction of the second employer and free, during the temporary period, from the control of the original master." Merlo v. Public Serv. Co. of N. Ill., 45 N.E.2d 665, 676 (Ill. 1943); see also Mosley, 394 N.E.2d at 1237; Richard, 383 N.E.2d at 1249; Korczak v. Sedeman, No. 01 C 9739, 2004 WL 765213, at *6 (N.D. Ill. 2004).[2] This test requires

---

[2]  Waukesha maintains that plaintiffs overemphasize the "wholly . . . control" language because "subsequent cases show that the borrowing employer can have the requisite control as long as the loaning employer does not interfere with a worker's work at the jobsite." (Def.'s Reply at 9.) But the cases cited by Waukesha in support of its argument, and most of the cases cited throughout its discussion of vicarious liability, are distinguishable because they involved the borrowed-servant doctrine analysis in the context of the Illinois Workers' Compensation Act and not in the context of an employer's liability for the

the consideration of several factors to determine whether an employee is "borrowed": the manner of hiring, the mode of payment, the nature of the work, the manner of direction and supervision of the work, the right to discharge, and the terms of any written contract between the employers. Mosley, 394 N.E.2d at 1237; Kawaguchi v. Gainer, 835 N.E.2d 435, 444-45 (Ill. App. Ct. 2005). Whether an employee sent by his general employer to another for the performance of special work becomes a loaned servant is usually a question of fact for the jury. Richard, 383 N.E.2d at 1249; Merlo, 45 N.E.2d at 676. We may rule as a matter of law only when "the undisputed facts are susceptible of but a single inference." Haight v. Aldridge Elec. Co., 575 N.E.2d 243, 252 (Ill. App. Ct. 1991).

Waukesha asserts that Symons exclusively directed and supervised Delapaz's day-to-day work and that the undisputed facts are capable of only one reasonable inference, but we disagree. Plaintiffs point to evidence from which a reasonable inference could be drawn that Waukesha did not fully relinquish control of Delapaz. With regard to Delapaz's training, there is evidence that two months after Delapaz began working at Symons, Waukesha required him to visit Waukesha to watch a forklift safety video and to take

---

negligence of its employees. "[T]he standard for demonstrating that an employee has been loaned differs depending on the context." Korczak, 2004 WL 765213, at *5 (citing County of Tazewell v. Industrial Comm'n, 549 N.E.2d 805, 809-10 (Ill. App. Ct. 1989)).

a written test for forklift certification. (Dep. of Irvin Delapaz at 45-46, 49-52, Ex. G to Pls.' Rule 56.1 Statement; Dep. of Brad Tetzlaff at 22-24, Ex. D to Pls.' Rule 56.1 Statement.) Moreover, Delapaz was on Waukesha's, not Symons's payroll; Delapaz received a salary and benefits from Waukesha. (Def.'s Resp. To Pls.' Rule 56.1 Statement ¶¶ 17, 19.) The only written agreement between Waukesha and Symons, the single-page "Client Safety Partnership Agreement" that was drafted by Waukesha, also contains provisions from which it could be inferred that Waukesha was retaining some control over Delapaz, such as "[Symons] will only work [Waukesha's] employees on jobs for which they have been assigned and trained"; "[Waukesha] will be notified immediately in the event of an accident or injury of one of our employees"; and "[Symons] will notify us in the event any of our employees acts intoxicated or in a suspicious manner." (Pls.' Rule 56.1 Statement, Ex. I.)

Waukesha would have us weigh the facts, but we cannot do that when ruling on a summary judgment motion. Because plaintiffs have come forward with evidence to support their vicarious-liability theory, the trier of fact must decide whether Delapaz was a "borrowed servant," and Waukesha's motion therefore will be denied.

**C. <u>Direct Liability</u>**

Plaintiffs also allege that Waukesha negligently trained Delapaz. "A claim for negligent training or supervision concerns the employer's own negligence rather than the negligence of its

employee, meaning that the employer's liability is direct, not vicarious." Vancura v. Katris, 907 N.E.2d 814, 826 (Ill. App. Ct. 2008). "While it is not necessary that the employer should have contemplated or been able to anticipate the particular consequences, the injury must have been a reasonably foreseeable consequence of the employer's negligent failure to train . . . , and there must be a causal relationship between this alleged deficiency and the harm suffered." Id. at 827 (brackets omitted).

Waukesha contends that it did not have any duty to train Delapaz in forklift operation. Plaintiffs respond that this argument is beside the point because Waukesha voluntarily undertook the duty to train Delapaz, and "the issue is whether [Waukesha] . . . was negligent in their [sic] training and instruction of [Delapaz]." (Pls.' Mem. at 7.) The problem with plaintiffs' argument, however, is that it stops there. They fail to identify any deficiency in Waukesha's training of Delapaz, instead simply pointing to the facts of the accident and speculating that some unspecified problem with the video and test may have caused Delapaz to improperly operate the forklift sixteen months after Delapaz watched the video and gained on-the-job experience at Symons. Plaintiffs have offered no evidence of a specific deficiency in Waukesha's training and no evidence of a causal relationship

between any deficiency and the injury to Mr. Garrelts.[3] Accordingly, they will not be permitted to proceed on their direct-liability theory.

## **CONCLUSION**

For the reasons explained above, the motion of defendant Waukesha Employment Services, Inc. for summary judgment [83] is denied. A status hearing is set for April 14, 2010, at 10:30 a.m.

DATE:      March 23, 2010

ENTER:     _____
           John F. Grady, United States District Judge

---

[3] Plaintiffs argue that a ruling on their direct-liability theory would be premature because they have not been given an opportunity to disclose expert witnesses or complete expert discovery due to Symons's bankruptcy. But at the July 2009 status hearing when we discussed the briefing of Waukesha's summary judgment motion, plaintiffs did not raise this objection, and counsel represented that discovery had been completed. Moreover, expert testimony would not assist plaintiffs on the issue of negligent training because they have failed to come forward with a factual basis for this claim.